IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br>      Plaintiff<br><br>v.<br><br><br>CASTLE BUILDERS SUPPLIES AND TRUCKING, INC.<br>      and<br>CRICK LLC<br>      and<br>BLUE HORNET PROPERTIES LLC<br>      Defendants | No.<br><br><br>DECLARATORY JUDGMENT ACTION |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, ACUITY, A Mutual Insurance Company, by its attorneys, Brigid Q. Alford, Esquire and Marshall Dennehey Warner Coleman & Goggin, presents its Complaint for Declaratory Judgment, and in support thereof avers as follows:

**The Parties**

1.  Plaintiff, ACUITY, A Mutual Insurance Company ("ACUITY") is an insurance company licensed to do business in the Commonwealth of Pennsylvania, with a domicile and principal place of business located at 2800 South Taylor Road, Sheboygan, WI 53081.

2.  Defendant Castle Builders Supplies and Trucking, Inc. ("CBS"), is a corporation doing business in the Commonwealth of Pennsylvania with a last known address at 1409 Moravia Street, New Castle, PA 16101.

3.  Defendant Crick LLC ("Crick") is a limited liability company organized under the laws of the State of Ohio, with a last known address at 13046 Diagonal Road, Salem, OH 44460.

4.Blue Hornet Properties LLC ("Blue Hornet") is a limited liability company doing business in the Commonwealth of Pennsylvania with a last known address at 1 East State Street, Suite 300, Sharon, PA 16146.

### Jurisdiction

5. This is an action for Declaratory Judgment filed pursuant to 28 U.S.C. § 2201 *et seq.* and Fed.R.Civ.P. 57, to determine a question of actual controversy among the parties as is more particularly described herein, and to ascertain rights, duties and obligations, if any, under a certain insurance policy.

6.Plaintiff ACUITY and Defendants are citizens of different states, creating diversity of citizenship sufficient to support the Court's jurisdiction pursuant to 28 U.S.C. § 1332.

7.The amount in controversy exceeds $75,000, exclusive of interest and costs.

8.This case arises from claims brought against CBS, for which it has sought and may continue to seek defense and/or indemnification from ACUITY as set forth in more detail below.

9.An actual controversy has arisen among and between the parties hereto, with respect to their rights under the terms of a certain Commercial General Liability Policy issued by ACUITY to PNM, on which CBS is an additional named insured, as set forth in more detail below.

10.As a result of the various pending claims, as set forth in more detail below, ACUITY seeks a declaration of its rights under the aforementioned Policy.

**The Policy**

11. At all times relevant hereto, there was in effect a Commercial General Liability Insurance Policy, identified as Policy No. X61638 ("ACUITY Policy") with a policy period of April 1, 2017 to April 1, 2018 and issued by ACUITY to PNM Trucking LLC, on which CBS is listed as an additional named insured. A true and correct copy of the ACUITY Policy, including the policy declarations and all applicable endorsements, is attached hereto, made part hereof, and identified as Exhibit 1.

12. The ACUITY Policy states, in relevant part:

### SECTION I COVERAGES

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. We may at our discretion investigate any *occurrence* and settle any claim or suit that may result…

    b. This insurance applies to *bodily injury* and *property damage* only if:

    (1) This *bodily injury* or *property damage* is caused by an occurrence that takes place in the *coverage territory*;

    (2) The *bodily injury* or *property damage* occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under paragraph 1 of Section II – Who Is An Insured and no *employee* authorized by you to give or receive notice of an

3

> *occurrence* or claim, knew that the *bodily injury* or *property damage* had occurred, in whole or in part. If such a listed insured or authorized *employee* knew, prior to the policy period, that the *bodily injury* or *property damage* occurred, then any continuation, change or resumption of such *bodily injury* or *property damage* during or after the policy period will be deemed to have been known prior to the policy period.

\*\*\*

2. **Exclusions**

   This insurance does not apply to:

   \*\*\*

   b. **Contractual Liability**

   > *Bodily injury* or *property damage* for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
   >
   > (1) That the insured would have in the absence of the contract or agreement; …

   \*\*\*

   g. **Aircraft, Auto or Watercraft**

   > *Bodily injury* or *property damage* arising out of the ownership, maintenance, use or entrustment to others of any aircraft, *auto* or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and *loading or unloading*.
   >
   > This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the *occurrence* which caused the *bodily injury* or *property damage* involved the ownership, maintenance, use or entrustment to others of any aircraft, *auto* or watercraft that is owned or operated by or rented or loaned to any insured.

4

       This exclusion does not apply to:

       \*\*\*

    (5)    *Bodily injury* or *property damage* arising out of:

        (a)    The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of *mobile equipment* if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

        (b)    The operation of any of the machinery or equipment listed in paragraph f(2) or f(3) of the definition of *mobile equipment*.

       \*\*\*

**j.**    **Damage to Property**

*Property damage* to:

\*\*\*

    (5)    That particular part of real property on which you or any contractors or sub-contractors working directly or indirectly on your behalf are performing operations if the property damage arises out of those operations; or

    (6)    That particular part of any property that must be restored, repaired, or replaced because *your work* was incorrectly performed on it.

\*\*\*

Paragraph (6) of this exclusion does not apply to *property damage* included in the *products-completed operations hazard*.

    **k.**    **Damage to Your Product**

        *Property damage* to *your product* arising out of it or any part of it.

    **l.**    **Damage to Your Work**

        *Property damage* to *your work* arising out of it or any part of it and included in the *products-completed operations hazard*.

        This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*\*\*

### SECTION II – WHO IS AN INSURED

**1.**    If you are designated in the Declarations as:

\*\*\*

    **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

        \*\*\*

### SECTION V – DEFINITIONS

\*\*\*

**2.**    *"Auto"* means:

    **a.**    a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    **b.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, *auto*, does not include *mobile equipment*

\*\*\*

8. "*Impaired property*" means tangible property, other than *your product* or *your work*, that cannot be used or is less useful because:

   a. It incorporates *your product* or *your work*, that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of *your product* or *your work* or your fulfilling the terms of the contract or agreement.

   \*\*\*

11. *"Loading or unloading"* means the handling of property:

    a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or *auto*;

    b. While it is in or on an aircraft, watercraft or *auto*; or

    c. While it is being moved from an aircraft, watercraft or *auto* to the place where it is finally delivered;

    but *loading or unloading* does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or *auto*.

12. *"Mobile equipment"* means any of the following types of land vehicles, including any attached machinery or equipment:

    \*\*\*

    d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

       (1) Power cranes, shovels, loaders, diggers or drills; or

       (2) Road construction or resurfacing equipment such as graders, scrapers or rollers.

       \*\*\*

7

13. "*Occurrence*" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

16. *"Products-completed operations hazard:"*

    a. Includes all *bodily injury* and *property damage* occurring away from premises you own or rent and arising out of *your product* or *your work* except:

        \*\*\*

        (2) Work that has not yet been completed or abandoned. However, *your work* will be deemed completed at the earliest of the following times:

            (a) When all of the work called for in your contract has been completed.

            \*\*\*

            Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. *"Property damage"* means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the *occurrence* that caused it.

    \*\*\*

22. *"Your work:"*

    a. Means:

        (1) Work or operations performed by you or on your behalf; and

8

    (2)  Materials, parts or equipment furnished in connection with such work or operations.

 **b.** includes:

    (1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of *your work*; and

    (2)  The providing of or failure to provide warnings or instructions.

\*\*\*

**AMENDMENT TO DEFINITION OF OCCURRENCE**    **IL-7092(2-11)**

\* \* \*

The definition of Occurrence is replaced by the following:

*"Occurrence"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*Occurrence* includes:

  **A.** *Property damage* to *your work* if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor and the *property damage* to *your work* is included in the *products-completed operations hazard;*

  **B.** *Property damage* to property other than *your work* that arises out of *your work*.

All other terms, exclusions, limitations and conditions of the policy remain unchanged.

## BUSINESS AUTO COVERAGE FORM

\* \* \*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we," "us" and "our" refer to the Company providing this insurance.

\* \* \*

## SECTION I - COVERED AUTOS

\* \* \*

9

A. **DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**

SYMBOL DESCRIPTION

**1** = ANY *AUTO*.

\* \* \*

**SECTION II - LIABILITY COVERAGE**

A. **COVERAGE**

We will pay all sums an *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto*.

\* \* \*

1. **Who Is an Insured**

    The following are *insureds:*

    a. You for any covered *auto*.

    b. Anyone else while using with your permission a covered **auto** you own, hire or borrow except:

        (1) The owner or anyone else from whom you hire or borrow a covered *auto*. This exception does not apply if the covered *auto* is a *trailer* connected to a covered *auto* you own.

        \* \* \*

        (4) Anyone other than your *employees*, partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their *employees*, while moving property to or from a covered *auto*.

        \* \* \*

    \* \* \*

B. **EXCLUSIONS**

This insurance does not apply to any of the following:

\* \* \*

9. **Operations**

    *Bodily injury* or *property damage* arising out of the operation of:

10

      **a.**      Any equipment listed in paragraphs 6b and 6c of the definition of *mobile equipment*; or

      **b.**      Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of *mobile equipment* if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

\* \* \*

### SECTION V - DEFINITIONS

\* \* \*

**B.**     *"Auto"* means:

      **1.**      A land motor vehicle, *trailer* or semitrailer designed for travel on public roads; or

      **2.**      Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, *auto* does not include *mobile equipment*.

\* \* \*

**K.**     *"Mobile equipment"* means any of the following types of land vehicles, including any attached machinery or equipment:

      **1.**      Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

\* \* \*

      **4.**      Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

            **a.**      Power cranes, shovels, loaders, diggers or drills; or

            **b.**      Road construction or resurfacing equipment such as graders, scrapers or rollers;

\* \* \*

\* \* \*

**ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION - PRIMARY**   CA-7210(10-98)

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

    **1.**    Who Is an Insured under Section II - Liability Coverage is amended to include the person(s) or organization(s) named in the Schedule, but only with respect to liability arising out of operations performed for that person or organization by you.

\* \* \*

### SCHEDULE

**Person or Organization**
**(Name and Address)**

THE SHELLY COMPANY & ITS
AFFILIATED COMPANIES
8328 WATKINS RD
OSTRANDER OH  43061

\* \* \*

**DESIGNATED INSURED**                                                                                       CA-2038(7-97)

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

\* \* \*

This endorsement identifies person(s) or organization(s) who are *insureds* under the Who Is an Insured provision of the Coverage Form.  This endorsement does not alter coverage provided in the Coverage Form.

\* \* \*

### The Underlying Litigation

      13.    On September 7, 2017, Crick filed suit against Blue Hornet in the Court of Common Pleas of Columbiana County, Ohio, seeking payment in the amount of $104,905.75, stemming from an alleged breach of a contract for the design and construction of a steel building at a Blue Hornet construction project.

      14.    Crick filed an Amended Complaint on September 20, 2017, seeking the same dollar amount, and including allegations that Blue Hornet had made several complaints about the

concrete flooring during the construction ("Columbiana County litigation"). A true and correct copy of the Amended Complaint is attached hereto, made part hereof, and identified as Exhibit 2.

15. On November 17, 2017, Blue Hornet filed an Answer to the Amended Complaint, counter-claiming that Crick failed to install a concrete floor that complied with Blue Hornet's specifications or that complied with the applicable building codes. A true and correct copy of the Answer to the Amended Complaint is attached hereto, made part hereof, and identified as Exhibit 3.

16. Crick then filed a Joinder Complaint on April 11, 2018, adding CBS as a party to the litigation and generally alleging that CBS and Crick entered into an agreement whereby CBS was to supply concrete to the Blue Hornet construction project for Crick's use, and further alleging CBS negligently operated its concrete truck when delivering the cement product to the worksite, resulting in damage to the concrete floor being poured at the construction project.

17. The Joinder Complaint included a claim for indemnification and contribution. A true and correct copy of the Joinder Complaint is attached hereto, made part hereof, and identified as Exhibit 4.

18. ACUITY has assigned defense counsel to represent the interests of its additional insured, CBS, *vis-a-vis* the ACUITY Policy issued to PNM Trucking LLC in the Columbiana County litigation, under and subject to a complete Reservation of Rights, including a reservation of its right to assert any coverage defenses that may be applicable and/or to withdraw its participation, should circumstances so warrant.

**Definitions, Limitations, and Exclusions under ACUITY Policy**

19. The Joinder Complaint does not allege an "occurrence," as that term is defined by the ACUITY Policy, sufficient to trigger coverage.

20. Assuming, *arguendo*, that the Joinder Complaint does allege an "occurrence", the Contractual Liability exclusions which excludes coverage for "property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement," applies to preclude coverage.

21. The Aircraft, Auto or Watercraft Exclusion excludes from coverage bodily injury and property damage arising out of the use of any auto owned or operated by any insured, including "loading and unloading," and may apply to preclude coverage with respect to the allegations raised against CBS in the Columbiana County litigation.

22. The Damage to Property Exclusion, which excludes from coverage damage to Blue Hornet's construction project that "must be restored, repaired or replaced," because CBS' work had been incorrectly performed, applies to preclude coverage with respect to the allegations raised against CBS in the Columbiana County litigation.

23. To the extent the alleged damage to Blue Hornet's construction project resulted from CBS' allegedly substandard work in delivering and/or laying the cement, the Damage to Your Work Exclusion applies to preclude coverage.

24. The Joinder Complaint does not trigger coverage under the Business Auto Coverage part of the ACUITY Policy as CBS does not meet the definition of *insured* for that Coverage Part.

25. CBS does not appear as a designated Additional Insured so as to claim status as an insured under Endorsement CA-7210 (10-98), nor does it appear as a Designated Insured entitling it to coverage under Endorsement CA-2038 (7-97).

WHEREFORE, Plaintiff ACUITY, A Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and further enter the following decree, declaring:

    a.    That there is no coverage under the ACUITY Policy with respect to the allegations raised against CBS in the Joinder Complaint; and

    b.    That ACUITY has no duty to defend or indemnify CBS, or any other party, against whom claims have been raised with respect to the Columbiana County litigation; and

    c.    That counsel for CBS, whom ACUITY had assigned under and pursuant to a full and complete Reservation of Rights, be permitted to withdraw his appearance in the Columbiana County litigation; and

    d.    That the Court enters such additional and further relief as the Court may deem to be appropriate under the circumstances.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

Date: 07/09/2018

s/ *Brigid Q. Alford*
Brigid Q. Alford, Esquire
PA No. 38590
Brian J. Murren, Esquire
PA No. 324567
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
(717) 651-3710
FAX (717) 651-3707
bqalford@mdwcg.com
*Attorneys for Plaintiff ACUITY*

15